**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

C.F., AN INDIVIDUAL,

Plaintiff,

against

G6 HOSPITALITY PROPERTY LLC

Defendant

CIVIL ACTION NO:

**COMPLAINT**

COMES NOW the Plaintiff C.F., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by C.F. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the owner and operator of the subject three hotels, doing business as Motel 6, located at the following addresses during the relevant time period in 2017 and through and inclusive of 2021, and as such responsible for the subject hotels during the time period Plaintiff was sex trafficked on said premises:

a. 5101 W. Century Blvd., Inglewood, CA 90304 ("Motel 6 Los Angeles LAX");

b. 195 E. Tropicana Ave., Las Vegas, NV 89109 ("Motel 6 Las Vegas Tropicana"); and

c. 5085 Dean Martin Dr., Las Vegas, NV 89118 ("Motel 6 Las Vegas Dean Martin").

3. During the relevant time period, Defendant was owner of the subject three premises located at the addresses listed above.

4. During the relevant time period, Defendant was operator of the subject three premises located at the addresses listed above.

5. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, or coercion by her trafficker to engage in commercial sex at Defendant's subject three hotels in 2017 and through and inclusive of 2021, during the time Defendant owned and operated the subject three hotels.

6. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. *See* 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. *See* 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

## PARTIES

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of the State of California.

9. Plaintiff was born in 1977.

10. At all times relevant and material, Defendant owned and operated hotels doing business as Motel 6 and located at the addresses set forth above in paragraph 2 and was authorized to do, licensed to do, and was doing business in the aforesaid States offering the subject hotels as places of public lodging.

11. The principal place of business of Defendant is 4100 International Pkwy, Carrollton, TX 75007.

## JURISDICTION AND VENUE

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4100 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time period for the subject properties, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4100 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject properties where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

16. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's three subject hotels where Plaintiff was trafficked for sex during the relevant time period of Defendant's ownership in 2017 and through and inclusive of 2021.

18. Plaintiff was trafficked by her trafficker known as "Doesha," whose true and correct name is unknown at this time. Doesha was identifiable by a scar on his face and was known to wear flashy jewelry and fur coats, and to drive a Bentley like automobile bearing a vanity license plate reading "PGO," which, per Plaintiff, stands for "Pimping Going On."

19. Plaintiff was trafficked, at times, alongside other women at the subject three hotels. When there were multiple women being trafficked, the trafficker would rent multiple rooms at the subject hotels to facilitate the trafficking operation. Plaintiff was at times trafficked simultaneously

with other victims at the subject hotels, which was observable by Defendant's staff or should have been so observed.

20. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject three hotels, her trafficker used various means to do so including (a) physical violence, as evidenced by visible bruising on Plaintiff's body; (b) threats of harm; (c) trafficker instilled in Plaintiff the fear of severe bodily injury and fear of death if the trafficker's directives were not complied with; and (d) other means of force, fraud and coercion used to induce Plaintiff to engage in sex with sex buyers at Defendant's subject three hotels.

21. Plaintiff meets the definition of sex trafficking victim as she was induced by force, fraud, or coercion by her trafficker to have sex with sex buyers at Defendant's subject three hotels during the relevant time period in 2017 and through and inclusive of 2021.

22. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by the trafficker or at the direction of the trafficker, and were paid for in cash or by debit card on a daily basis. Defendant's staff required identification at the time of booking.

23. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotels that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

24. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotels by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2017 and through and inclusive of 2021.

25. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

26. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotels during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

27. Plaintiff was advertised by her trafficker online for sex which was to occur at the subject hotels, including on SkipTheGames, Craigslist, Adult Look, and Adult Search.

28. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

29. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

30. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

31. Defendant operating the three subject hotels and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

32. Defendant G6 HOSPITALITY PROPERTY LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the three subject hotels' premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

33. Defendant's repeated rental of rooms to Plaintiff's trafficker (or individuals renting at the direction of the trafficker), at the three subject hotels, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during time that Plaintiff was trafficked at the subject hotels, were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

34. A continuous business relationship existed between Defendant's there subject hotels, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals, at the subject three hotels, they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

35. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, at the subject three hotels, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in 2017 and through and inclusive of 2021.

36. Defendant participated in a venture by operating the subject hotels that rented rooms to individuals that said Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

37. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotels in violation of the TVPRA.

38. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

39. Defendant's knowledge extended well beyond a mere general awareness of sex trafficking in the hospitality industry. On information and belief, Defendant had specific, actual knowledge, well before Plaintiff was trafficked, that sex trafficking was pervasive and ongoing at Motel 6 branded properties, including the subject hotels.

40. Properties operating under the Motel 6 brand have been among the most frequently cited hotel chains in connection with sex trafficking in federal criminal proceedings.

41. In approximately 2017, a Motel 6 location in Los Angeles had become so closely associated with human trafficking and other criminal conduct that the G6 Defendants paid to resolve a public nuisance action initiated by the City of Los Angeles. Through that litigation, Defendant became aware that personnel at its branded properties were actively facilitating sex trafficking and that Defendant was deriving revenue through practices that enabled sex traffickers to conduct operations at its properties.

42. Publicly available online reviews of the subject hotel located at 195 E. Tropicana Ave., Las Vegas, NV 89109 further demonstrate that Defendant knew or should have known that sex trafficking and related criminal activity were occurring at its property. A 2013 TripAdvisor review of the subject hotel stated, in pertinent part, "Every time I opened the door there were drunk

hookers or homies outside." A 2017 TripAdvisor review of the same property described, in pertinent part, the "parking lot was sketchy, hookers, drug dealers." A Google review from approximately 2017 similarly referenced, in pertinent part, "pimps, prostitutes" at the subject hotel. These reviews, publicly available on major consumer platforms that hotel operators routinely monitor, establish that prostitution and sex trafficking-related activity at Defendant's subject hotel was so open and notorious that members of the general public documented it in online reviews.

43. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's hotels, including as to the Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

b. Plaintiff exhibited visible signs of physical abuse inflicted by her trafficker that were observable by Defendant's staff at the subject three hotels, including but not limited to visible bruising on her body and a tattoo on her buttock reading "Property Of,";

c. Plaintiff would, at times, walk around the subject three hotel grounds in sexually provocative clothing appearing sleep deprived, with visible bruising, and a tattoo reading "property of";

d. Plaintiff would, at times, interact with hotel staff in sexually provocative clothing appearing sleep deprived, with visible bruising, and a tattoo reading "property of";

e. Inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) there were suspicious people and suspicious items including multiple cell phones,

condoms, sexually explicit clothing, and cash, which were observed by housekeeping staff or should have been so observed;

f. Intermittent loud noise and yelling emanating from the room where sex trafficking of Plaintiff was occurring;

g. Plaintiff was observed in and around the hotel premises wearing sexually provocative clothing, including in weather conditions inconsistent with the attire, which is a known indicator of sex trafficking;

h. Multiple women, including Plaintiff, were observed entering and exiting the trafficker's rented rooms;

i. Plaintiff was forced to solicit sex buyers directly on the subject three hotel premises, which was observable by Defendant's staff and is a known indicator of sex trafficking;

j. Plaintiff's trafficker was observed on the subject hotel premises displaying flashy jewelry, fur coat, and a Bentley like automobile bearing vanity license plate "PGO," which are known indicators of sex trafficking and pimping activity;

k. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotels.

44. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 43 above.

45. When being trafficked at the subject hotels in 2017 and through and inclusive of 2021 during this Defendant's ownership, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent

procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

46. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

47. Upon information and belief, Plaintiff's trafficker developed a familiar relationship with Defendant's front desk staff over the course of the extended and repeated stays at the subject hotels, which further demonstrates that Defendant, through its agents and employees, had actual or constructive knowledge of the sex trafficking occurring on the premises, including as to the Plaintiff.

48. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at these subject hotels and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply, being physically controlled, and having her identification confiscated; as well as all residual injuries suffered by PTSD.

49. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use

a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests, (7) guest violates other rules set by the hotel, and (8) for other indicated reasons.

50. Plaintiff being sex trafficked at these subject hotels was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

51. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel properties, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotels in violation of the TVPRA.

52. As a consequence of being sex trafficked at the subject hotels, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotels in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

All available compensatory damages for the described losses with respect to the above cause of action;

Past and future emotional distress;

Consequential and/or special damages;

All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

Physical pain and suffering;

Disgorgement of profits obtained through unjust enrichment;

Restitution;

All damages allowable under the TVPRA;

Reasonable and recoverable attorney's fees;

Punitive damages with respect to each cause of action;

Costs of this action; and

Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: February 19, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
**THE BYRD LAW FIRM**
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis
Randolph Janis, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500

Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

*Attorneys for Plaintiff*